UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| PERCY JAMES TUCKER, | |
| Petitioner, | Civil Action No. 5: 20-210-KKC |
| V. | **MEMORANDUM OPINION** |
| | **& ORDER** |
| FRANCISCO QUINTTANE, et al., | |
| Respondents. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Percy James Tucker is a federal inmate currently confined at the Federal Medical Center ("FMC")—Lexington located in Lexington, Kentucky.  Proceeding without counsel, Tucker has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release to home detention in light of the ongoing COVID-19 pandemic.[1]  [R. 1.] Tucker has also moved for leave to proceed *in forma pauperis*.  [R. 3.]  Based on the financial information provided by Tucker, the Court will grant his motion to proceed as a pauper.  Thus, the $5.00 filing fee ordinarily due in this matter is waived.

Tucker's petition is now before the Court on initial screening.  *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  Pursuant to the relevant standard, a habeas petition will be denied on screening "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

---

[1] *See* General Order No. 20-02 (Mar. 13, 2020) (generally describing the COVID-19 pandemic).

Case: 5:20-cv-00210-KKC   Doc #: 5   Filed: 06/02/20   Page: 2 of 3 - Page ID#: 38

In August 2012, a jury in the United States District Court for the Eastern District of Virginia found Tucker guilty on eleven charges related to a drug trafficking and money laundering conspiracy. *See United States v. Tucker*, et al., 2:09-cr-182-AWA-DEM-1 (E.D. Va. 2009), R. 328 therein. As a result of these violations, Tucker was sentenced to three hundred and sixty months of imprisonment. *Id.* at R. 368 therein. Tucker is currently projected to be released from the custody of the Federal Bureau of Prisons on January 10, 2038.[2]

In his petition, Tucker states that he suffers from a number of medical conditions that make him particularly vulnerable to the COVID-19 outbreak. [R. 1; R. 1-1.] Tucker claims that he meets criteria established by the Office of the Attorney General and Congress for early release, and he attaches a variety of documents describing those discretionary criteria as well as the risk factors for COVID-19. [*See* R. 1-3; R. 1-5.] Prior to filing his petition in this Court, Tucker asked FMC-Lexington staff to consider him for home confinement based on his medical conditions. [R. 1-6.] However, staff stated that he was ineligible for the first round of home confinement due to the length of time he has served on his sentence (less than fifty percent of his overall term of imprisonment). [*Id.*]

There is no minimum amount of time an inmate must serve prior to being granted discretionary release by the Federal Bureau of Prisons. *See* March 26, 2020 Memorandum from the Attorney General to the Director of BOP regarding "Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic" (describing a totality of the circumstances discretionary analysis).[3] Nevertheless, Tucker's habeas petition must be denied without prejudice. Tucker is seeking compassionate release to home detention, and the appropriate way to seek such

---

[2] *See* BOP Online Inmate Locator, *available at* bop.gov/inmateloc/ (last accessed May 21, 2020).
[3] *Available at* https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf (last accessed May 21, 2020).

relief is through a motion made pursuant to 18 U.S.C. § 3582(c), not a 28 U.S.C. § 2241 habeas petition. Notably, a motion for modification of an imposed term of imprisonment under should be filed with the trial court that sentenced Tucker, not this Court. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). This Court cannot utilize 18 U.S.C. § 3582(c) to modify a sentence that it did not impose. Accordingly, the Court will deny Tucker's § 2241 petition without prejudice, to Tucker's right to seek the appropriate relief in the court that sentenced him—in this case, a § 3582(c) motion in the United States District Court for the Eastern District of Virginia.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Tucker's motion to proceed *in forma pauperis* [R. 3] is **GRANTED**. Accordingly, the $5.00 filing fee due in this matter is **WAIVED**;

2.      Tucker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED WITHOUT PREJUDICE**;

3.      Judgment shall be entered contemporaneously herewith; and

4.      This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated June 2, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY